1

2

3

4

5          **UNITED STATES DISTRICT COURT**

6              **DISTRICT OF NEVADA**

7

8   STEVEN BRAUNSTEIN,                    )
                                          )
9              Petitioner,                )        2:07-cv-0014-RLH-GWF
                                          )
10  vs.                                   )
                                          )        ORDER
11  STATE OF NEVADA, *et al.*,            )
                                          )
12                                        )
               Respondents.              )
13  _____ /

14

15          This action proceeds on a petition for writ of habeas corpus pursuant to 28 U.S.C. §

16  2254, by petitioner Steven Braunstein, a Nevada prisoner.  Before the Court is respondents' answer

17  (docket #103) and petitioner's reply (docket #110).  Petitioner has also filed a motion for

18  appointment of counsel (docket #109) and for summary judgment (docket #113) .  Because the

19  petition will be denied on its merits by this Order, the motion for counsel and for summary judgment

20  shall be denied as moot.

21  **I.      Procedural History**

22          Petitioner was convicted, after a jury trial, in the Eight Judicial District Court for

23  Clark County of two counts sexual assault with a minor under fourteen years of age.  Exhibits 1.[1]

24  Petitioner was sentenced to two terms of life imprisonment with parole eligibility in twenty years.

25  _____

26      [1]  The exhibits cited in this order in the form "Exhibit ___," are those filed by respondents in
    support of their first motion to dismiss the petition for writ of habeas corpus, and are located in the
    record at docket #64.

1    *Id.*  A judgment of conviction was entered on March 17, 2000.  *Id.*   Petitioner moved for a new trial

2    or in the alternative for the court to strike two of the four jury verdicts.  Exhibit 2.  The jury had

3    found petitioner guilty of both sexual assault and the lesser included offenses of lewdness with a

4    minor. *Id.*  The state district court denied the motion, but ordered that the lesser offense verdicts be

5    stricken.  Exhibit 3.

6            Petitioner appealed, alleging (1) the trial court erred in allowing the state to introduce

7    evidence regarding a previous unrelated incident at trial; (2) the trial court erred in allowing the state

8    to introduce hearsay evidence regarding the victim's alleged statements; (3) the trial court erred in

9    not granting the motion for new trial; and (4) the prosecution failed to present sufficient evidence to

10   convict the petitioner.  Exhibit 6.  The Nevada Supreme Court affirmed the judgment of conviction.

11   Exhibit 7.

12           Petitioner then filed a state habeas corpus petition on April 18, 2002, alleging

13   approximately twenty-two grounds for relief.  *Id.*   Thereafter, he filed several amendments to the

14   petition adding seven new grounds for relief.  Exhibits 8- 11.  The state district court denied the

15   petition, and petitioner appealed that denial.  Exhibit 12.  The Nevada Supreme Court affirmed the

16   lower court's denial.  Exhibit 13.

17           Petitioner mailed a federal habeas corpus petition to this Court on January 17, 2007

18   (docket #14).  Respondents moved for a more definite statement (docket #40).  This Court granted

19   the motion for a more definite statement, and ordered petitioner to file an amended petition (docket

20   #59).  Petitioner filed a second amended petition (docket #61).  Respondents moved to dismiss the

21   petition (docket #63) and petitioner ultimately abandoned grounds one (b) and (c), three (e), (f), (h),

22   (l), (n), four and five which were found to be unexhausted (dockets #81 and #95).

23           Respondents filed their answer and petitioner replied.  Petitioner objects to parts of

24   the respondents' synopsis of the facts.  However, that synopsis in not part of the analysis contained

25   herein and any facts discussed or considered by the court are derived directly from the record.  Based

26   on the following analysis, the claims raised in the petition are without merit and shall be denied.

**II. Discussion**

    A.    <u>AEDPA</u>

        28 U.S.C. §2254(d), a provision of the Antiterrorism and Effective Death Penalty Act (AEDPA), provides the standards of review  that this Court applies to the petition in this case:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim --
>
> (1)  resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2)  resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. §2254(d).

        A state court decision is contrary to clearly established Supreme Court precedent, within the meaning of 28 U.S.C. §2254, "if the state court applies a rule that contradicts the governing law set forth in [the Supreme Court's] cases" or "if the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme Court] and nevertheless arrives at a result different from [the Supreme Court's] precedent." *Lockyer v. Andrade*, 538 U.S. 63 (2003) (*quoting Williams v. Taylor*, 529 U.S. 362, 405-06 (2000), and *citing Bell v. Cone*, 535 U.S. 685, 694 (2002).

        A state court decision is an unreasonable application of clearly established Supreme Court precedent, within the meaning of 28 U.S.C. §2254(d), "if the state court identifies the correct governing legal principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case." *Lockyer v. Andrade*, 538 U.S. at 74 (*quoting Williams*, 529 U.S. at 413).  The "unreasonable application" clause requires the state court decision to be more than incorrect or erroneous; the state court's application of clearly established law must be objectively unreasonable. *Id.* (*quoting Williams*, 529 U.S. at 409).   In determining whether a state

1   court decision is contrary to federal law, this Court looks to the state courts' last reasoned decision.

2   *See Ylst v. Nunnemaker*, 501 U.S. 797, 803-04 (1991); *Shackleford v. Hubbard*, 234 F.3d 1072, 1079

3   n.2 (9th Cir. 2000), *cert. denied*, 122 S.Ct. 324 (2001)

4          With respect to pure questions of fact, "a determination of a factual issue made by a

5   State court shall be presumed to be correct," and the petitioner "shall have the burden of rebutting

6   the presumption of correctness by clear and convincing evidence."  28 U.S.C. §2254(e)(1).  If there

7   is no reasoned decision upon which the Court can rely, then it must make an independent review of

8   the record to determine whether the state court clearly erred in its application of controlling federal

9   law. *See Delgado v. Lewis,*  223 F.3d 976, 982 (9th Cir.2000).

10          B.    Assistance of Counsel

11          Most of petitioner's claims for relief are based upon the alleged ineffectiveness of his

12   trial and appellate counsel.  In *McMann v. Richardson*, 397 U.S. 759, 771 n.14 (1970), the Supreme

13   Court declared that "the right to counsel is the right to the effective assistance of counsel."  In

14   *Strickland v. Washington*, 466 U.S. 668 (1984), the Court established the standards by which claims

15   of ineffective counsel are to be measured.  In *Strickland*, the Court propounded a two prong test; a

16   petitioner claiming ineffective assistance of counsel must demonstrate (1) that the defense attorney's

17   representation "fell below an objective standard of reasonableness," and (2) that the attorney's

18   deficient performance prejudiced the defendant such that "there is a reasonable probability that, but

19   for counsel's unprofessional errors, the result of the proceeding would have been different."

20   *Strickland*, 466 U.S. at 688, 694.

21          Regarding the first prong -- commonly known as the "effectiveness prong" -- the

22   *Strickland* Court expressly declined to articulate specific guidelines for attorney performance beyond

23   generalized duties, including the duty of loyalty, the duty to avoid conflicts of interest, the duty to

24   advocate the defendant's cause, and the duty to communicate with the client over the course of the

25   prosecution.  *Id*.  Defense counsel's duties are not to be defined so exhaustively as to give rise to a

26   "checklist for judicial evaluation ... [because] [a]ny such set of rules would interfere with the

4

1  constitutionally protected independence of counsel and restrict the wide latitude counsel must have

2  in making tactical decisions." *Id*.

3          The *Strickland* Court instructed that review of an attorney's performance must be

4  "highly deferential," and must adopt counsel's perspective at the time of the challenged conduct, in

5  order to avoid the "distorting effects of hindsight." *Id*. at 689.  A reviewing court must "indulge a

6  strong presumption that counsel's conduct falls within the wide range of reasonable professional

7  assistance ... [and] the [petitioner] must overcome the presumption that ... the challenged action

8  might be considered sound trial strategy." *Id*. (citation omitted).

9          Construing the Sixth Amendment to guarantee not effective counsel *per se*, but rather

10 a fair proceeding with a reliable outcome, the *Strickland* Court concluded that demonstrating that

11 counsel fell below an objective standard of reasonableness alone is insufficient to warrant a finding

12 of ineffective assistance.  In order to satisfy *Strickland's* second prong, the defendant must show that

13 the attorney's sub-par performance prejudiced the defense. *Id*. at 691-92.  The test is whether there

14 is a reasonable probability that, but for the attorney's challenged conduct, the result of the

15 proceeding in question would have been different. *Id*. at 691-94.  The Court defined reasonable

16 probability as "a probability sufficient to undermine confidence in the outcome." *Id*. at 694.

17         Effective assistance of appellate counsel is guaranteed by the Due Process Clause of

18 the Fourteenth Amendment. *Evitts v. Lucey*, 469 U.S. 387, 391-405 (1985).  Claims of ineffective

19 assistance of appellate counsel are reviewed according to *Strickland's* two-pronged test. *Miller v.*

20 *Keeney*, 882 F.2d 1428, 1433 (9th Cir.1989)*; United States v. Birtle*, 792 F.2d 846, 847 (9th

21 Cir.1986); *See, also, Penson v. Ohio*, 488 U.S. 75 (1988) (holding that where a defendant has been

22 actually or constructively denied the assistance of appellate counsel altogether, the *Strickland*

23 standard does not apply and prejudice is presumed; the implication is that <u>*Strickland*</u> does apply

24 where counsel is present but ineffective).

25         To prevail, petitioner must show two things.  First, he must establish that appellate

26 counsel's deficient performance fell below an objective standard of reasonableness under prevailing

1  professional norms.  *Strickland*, 466 U.S. at 687-88 (1984).  Second, petitioner must establish that

2  he suffered prejudice in that there was a reasonable probability that, but for counsel's unprofessional

3  errors, he would have prevailed on appeal. *Id.* at 694.

4        B.    <u>Merits Review</u>

5        **Ground One (a)**

6        In this ground for relief, petitioner claims he received ineffective assistance of trial

7  counsel where counsel failed to have the medical evidence reviewed by a doctor before trial in order

8  to discredit the testimony of Nurse Suitor by showing that she had not compared the 1994 exam with

9  the 1999 exam, and where counsel did not investigate and refute the State's expert, Suitor.

10  Petitioner alleges that a Dr. Ricci of the Spurwick Child Abuse Program of Portland, Maine

11  compared the 1994 and 1999 medical reports and concluded the examinations were the same.  *See*

12  Exhibit 10 to Petitioner's Reply (docket #110).

13        In presenting a claim of ineffective assistance based on counsel's failure to call

14  witnesses, Petitioner must identify the witness, *U.S. v. Murray*, 751 F.2d 1528, 1535 (9th Cir. 1985),

15  show that the witness was willing to testify, *U.S. v. Harden*, 846 F.2d 1229, 1231-32 (9th Cir. 1988),

16  and show that the witness's testimony would have been sufficient to create a reasonable doubt as to

17  guilt.  *Tinsley v. Borg*, 895 F.2d 520, 532 (9th Cir. 1990); *see also United States v. Berry*, 814 F.2d

18  1406, 1409 (9th Cir. 1989) (holding that where defendant did not indicate what witness would have

19  testified to and how such testimony would have changed the outcome of the trial, there can be no

20  ineffective assistance of counsel).

21        Counsel also has "a duty to make reasonable investigations or to make a reasonable

22  decision that makes particular investigations unnecessary." *Strickland,* 466 U.S. at 691. Where an

23  attorney has consciously decided not to conduct further investigation because of reasonable tactical

24  evaluations, his or her performance is not constitutionally deficient. *Allen v. Shepard*  2010 WL

25  424323, 5 (E.D.Cal.) (E.D.Cal.,2010).

26        The Nevada Supreme Court's review of this claim resulted in denial of relief, when

6

1  the court found the petitioner's assertion to be mere speculation as to which witness would be more

2  believable to the jury.  The court added:

3               Further, there was evidence supporting the convictions beyond the
               physical evidence, including the testimony of the victim, a school
4               counselor, and the victim's mother and cousin.  In addition, as Dr. Ricci
               noted, lack of physical evidence does not rule out sexual abuse; thus, had
5               the jury disbelieved the State's expert, it could still have convicted
               Braunstein on the weight of the other testimony.
6  Exhibit R, p. 3.

7               As respondents note, may decisions made by counsel are strategic in nature.  In this

8  instance, counsel attempted to undermine the credibility of the victim based on testimony that she

9  had been sexually abused at the young age of two.  If that claim was true, the difference in the two

10  exams was important.  *See* Exhibit G, p. 67.  Counsel was able to argue that the nurse's report was

11  inconsistent and that her evaluation was wrong because the examinations were different. To bring in

12  testimony such as petitioner suggests Dr. Ricci would offer would not have assisted the defense, as

13  Dr. Ricci admitted there could be sexual abuse without physical evidence.   Exhibit R, p.3.

14               The Nevada Supreme Court's determination of this claim was appropriate in its legal

15  and factual analysis.  Petitioner is not entitled to relief on this claim.

16               **Ground Two and Ground Three (a)**

17               Ground two is a claim that trial counsel was ineffective when he failed to lodge

18  appropriate trial objections and permitted witnesses to impermissibly vouch for the victim.

19  Petitioner contends that Detective Tanya Wasielewski inappropriately commented on the

20  truthfulness of the victim's report and that witness Nancy Gentis, the victim's school counselor,

21  improperly testified that the she felt proud of the victim for having reported the sexual assault.

22  Ground three (a) alleges that appellate counsel was ineffective for failing to raise the claim on direct

23  appeal.

24               Vouching consists of placing the prestige of the government behind a witness through

25  personal assurances of the witness's veracity, or suggesting that information not presented to the jury

26  supports the witness's testimony. *United States v. Molina*, 934 F.2d 1440, 1445 (9th Cir.1991).  The

1    statements or conduct of the "government" must be viewed in context.  *Id*.

2              The testimony that petitioner finds objectionable is not the type generally referred to

3    in such claims.  Here, it is not the prosecutor's statements which are said to be vouching, rather it is

4    the testimony of other witnesses, including the victim's school counselor and the investigating

5    officer.

6              The statements of the school counselor, who testified that she told the child she was

7    proud that she had told someone and it was not her fault, is not a statement of vouching.  Rather it is

8    a statement of reassurance offered to the child.  The Nevada Supreme Court rejected this claim on

9    the basis that counsel had not objected to the testimony and because it did not rise to plain error, it

10   did not warrant review in the absence of an objection.  The Nevada Supreme Court's analysis was

11   not in error under any United States Supreme Court holding.  *See e.g., United States v. Frady*, 456

12   U.S. 152, 163 (1982); *United States v. Atkinson*, 297 U.S. 157, 160 (1936).

13             The Nevada Supreme Court found that the testimony by the police detective, did

14   present a case of vouching, in that the detective testified that she believed the child and felt the

15   matter should proceed and the detective could be considered an expert or an agent of the

16   government.  The Nevada Supreme Court also found that counsel was not ineffective for failing to

17   object, because "the comment was isolated and defense counsel may not have wanted to draw

18   attention to it" and because, with the other evidence presented, "there was no reasonable probability

19   of a different outcome if counsel had objected," applying the *Strickland* standard. Exhibit R, p. 4.

20   This analysis is accurate in judging counsel's actions as strategic.

21             As to ground 3(a), because the court concluded that there was abundant evidence to

22   support the guilty verdict even if the improper comment had not been made by the detective, the

23   performance of appellate counsel in failing to raise the claim on direct appeal is not ineffective.

24   There is no probability that petitioner would have prevailed on appeal with this claim.  The state

25   court's decision considers the facts in context of the trial and draws a proper conclusion as to

26   counsel's performance.  Strategic decision of counsel are within the accepted range of reasonable

1   performance.  No relief is warranted as to ground two and ground 3(a)

2          **Ground 3(b)**

3          This claim of ineffective assistance of counsel is premised on trial counsel's

4   perceived failure to object to witness responses on the basis that they were non-responsive and

5   prejudicial.  Specifically, petitioner complains, "trial counsel failed to object to detective

6   Wasielewski's non-responsive answers to propounded questions" about the time frame of the alleged

7   sexual assaults.

8          As quoted by petitioner, the detective's response is affirmative followed by an attempt

9   to explain how the time frame might be established based upon the child's recollection of events.  He

10  objects to this response because the detective "was not a [sic] expert in the area of child or adult

11  psychology, and not qualified as such to testify, and because the statements were "extremely

12  prejudicial and specifically designed to garner sympathy from the jury."  Petition (docket #61) pp. 5-

13  5(a).  Detective Wasielewski's testimony is found at Exhibit C, pp. 43-75; *see* specifically, pp. 50-

14  51.

15         A review of the detective's testimony reveals that she provided information about her

16  background and training so as to demonstrate her ability to make the statements that she did about

17  interviewing child victims and  establishing a time line based on conversations with the child,

18  including the child's recollections of events close in time to the alleged assault.  Such testimony is

19  not based on psychology, but rather, common sense and experience - both of which the detective

20  demonstrated in her testimony.  Thus, counsel's decision not to object does not demonstrate that his

21  performance fell below an objective standard of reasonableness.

22         Moreover, counsel was thorough and effective in participating in the witnesses

23  examination, including offering several pertinent objections to the prosecutor's questions, to the

24  admissibility of possible hearsay statements and to statements that counsel argued were irrelevant.

25  Plaintiff has not demonstrated that he suffered prejudice from counsel's performance in the

26  questioning of this witness.

1    The Nevada Supreme Court denied the claim finding that counsel had not been

2 deficient because he elicited specific information about the time frame of the alleged assaults, which

3 information was confirmed by the testimony of other witnesses.  This claim is without merit and the

4 state court's decision was proper under 28 U.S.C. § 2254.

5       **Grounds 3(c), 3(d), and 3(g)**

6    These claims assert trial counsel was ineffective for failing to object to the jury

7 instructions related to the defendant's attempts at flight because any evidence of petitioner's attempts

8 to avoid arrest was based on hearsay and appellate counsel was ineffective for failing to raise the

9 claim on direct appeal.

10    This claim, as it relates to trial counsel's performance,  is belied by the record, which

11 clearly reflects counsel's objection to the proposed instruction and the trial court's analysis and bases

12 for allowing the instruction to be given.  Exhibit F, p. IV-4.  Moreover, the Nevada Supreme Court

13 found that there was enough evidence brought at trial to support the flight instruction, thereby

14 defeating any argument that the claim would have been successful on appeal..

15    Grounds 3(c), 3(d), and 3(g) were properly decided by the Nevada Supreme Court.

16 Petitioner has not demonstrated that the decision to deny relief was based upon an unreasonable

17 determination of the facts or a misapplication of federal law.  These claims for relief are denied.

18       **Ground 3(i)**

19    In this ground, petitioner alleges his trial counsel was ineffective in failing to preserve

20 for the record the substance and content of certain bench conferences conducted during trial.

21 Petitioner particularly notes a conference which purportedly  resulted in  one of the jury instructions

22 being changed.  Petitioner also complains that counsel should have objected to petitioner's absence

23 when the written judgment was filed and that there was no judge, attorney, reporter or defendant

24 present when the verdict was returned.

25    In addressing this claim, the Nevada Supreme Court concluded that the petitioner had

26 failed to specify how the failure to record the bench conferences prejudiced him, as is required under

1  an ineffective assistance of counsel claim.  Exhibit R, p. 6.  In his federal petition, petitioner asserts

2  that "because the conferences were not recorded, there is no record as to what transpired."  Petitioner

3  further alleges that he has a right to have all parties present at the instructions to the jury, but as a

4  result of the unrecorded conference, an instruction was changed and delivered to the jury.

5          The claims presented by petitioner does not outline what he believes occurred in the

6  conference, what change was made to the  instruction or how any purported change impacted the

7  jury's deliberations or its verdict.  Moreover, the record of trial indicates that the changed instruction

8  was read to the jury in open court with all parties present and that counsel for both sides stipulated to

9  the change, whatever it may have been.  *See* Exhibit F, p. 95.  Petitioner's claim is unsupported by

10  the record and it shall be denied.  Counsel was not ineffective on the bases raised in this ground 3(i).

11          **Ground 3(j)**

12          Petitioner claims his federal constitutional right to the effective assistance of appellate

13  counsel was violated because "appellate counsel Karen Connolly federalized the petition [and] trial

14  and appellate counsel Drew Christanson did not."  He believes counsel was ineffective in this regard

15  as "federal relief would have been barred."

16           Petitioner's claim is unclear. He confirms that his appellate counsel, Connolly, did

17  federalize his claims and his final statement implies a potentiality that may or may not have arisen.

18  The Nevada Supreme Court's denial of the claim was proper.  He has failed to identify for this court

19  what claims were not federalized and to state affirmatively how he was actually prejudiced by

20  appellate counsel's performance in this regard.  Ground 3(j) shall be denied.

21          **Ground 3(k)**

22          Plaintiff claims the district court erred in permitting cumulative hearsay testimony by

23  Gentis and  Candito in violation of Nevada State law.  Petitioner further alleges that appellate

24  counsel "failed to make appropriate arguments on appeal."

25          On direct appeal, when this claim was originally raised, the Nevada Supreme Court

26  determined the trial court had erred in not conducting a "trustworthiness hearing," but, after

1   examining the testimony for its trustworthiness, found its admission to be harmless error.  Exhibit K,

2   14.

3           Respondents correctly note that the standard of review for the admission of these

4   hearsay statements is set forth in *Ohio v. Roberts,* 448 U.S. 56 (1980), because the decision on

5   appeal was entered before the United States Supreme Court decided *Crawford v. Washington,* 541

6   U.S. 36 (2004).  *Ohio v. Roberts* focuses on indicia of reliability in determining whether an out-of-

7   court statement can be allowed into evidence despite the inability to cross-examine the witness.  The

8   *Roberts* court concluded that

9           "[r]eliability can be inferred without more in a case where the evidence
            falls within a firmly rooted hearsay exception.  In other cases, the evidence
10          must be excluded, at least absent a showing of particularized guarantees of
            trustworthiness."

11

12  448 U.S. at 66.  Thus, the Nevada Supreme Court's analysis of the trial court's admittance of the

13  hearsay testimony was correct.  The victim's statements to the testifying witnesses were made

14  voluntarily, and were consistent with each other.  Moreover, the statements offered through Gentis

15  and Candito were consistent with the victim's own testimony at trial.  The mental and emotional

16  state of the victim when revealing the petitioner's actions to Gentis and Candito were appropriate to

17  the facts being revealed.   Thus, the statement could be judged to be truthful and the trial court did

18  not err in admitting the hearsay testimony.

19          Petitioner has not demonstrated how appellate counsel's performance was deficient

20  under *Strickland* in failing to make "appropriate arguments on appeal."  Petitioner contends that

21  counsel should have argued the testimony was cumulate and violated petitioner's Fifth and

22  Fourteenth Amendment rights.   The types of arguments to present on appeal and how they should be

23  framed is the sole purview of the attorney as a matter of strategy.  Strategic decisions of counsel shall

24  not be second-guessed by the court.  *Strickland,* 466 U.S. at 689.  Ground 3(k) is without merit and

25  shall be denied.

26

1          **Ground 3(m)**

2          This is a claim that petitioner suffered a due process violation in the introduction of

3    prior bad act evidence.   Under Nevada law and the Federal Rules of Evidence, it is improper to

4    admit evidence of prior bad acts except in limited circumstances.  Bad acts evidence is never

5    properly admitted to show the defendant has a propensity to a criminal behavior or a bad character.

6    *See* NRS 48.045(2); F.R.E. 404(b).

7          The claim was considered and rejected by the Nevada Supreme Court on direct

8    appeal.  Exhibit K, p. 5.  Respondents assert that the Nevada Supreme Court's handling of the claim

9    cannot be the subject of review under 28 U.S.C. § 2254 because there is no United States Supreme

10   Court's law holding that the admission of propensity evidence violates due process, citing *Alberni v.*

11   *McDaniel,* 458 F.3d 860 (9th Cir. 2006).[2]  Very recently, the Ninth Circuit confirmed this point in

12   *DeCesare v. Hornbeak,* 2010 WL 22193565, E.D. Cal, 2010 (June 2, 2010), again referencing the

13   United States Supreme Court statement in *Estelle v. McGuire.*  "Because we need not reach this

14   issue, we express no opinion on whether a state law would violate the Due Process Clause if it

15   permitted the use of 'prior crimes' evidence to show propensity to commit a charged crime."  *Estelle,*

16   501 U.S. 62, 75, n. 5 (1991).

17         Because this court is constrained by the provisions of the AEDPA, which requires a

18   showing that the state court's decision was contrary to or an unreasonable application of clearly

19   established federal law as determined by the Unites States Supreme Court, and because that Court

20   has so clearly indicated it has not made such a determination.  No relief is available for petitioner

21   from this court.

22   **III.  Summary Judgment and Motion for Counsel**

23         Petitioner's motion for summary judgment is improper and moot.  The court has

24

25         [2] Petitioner suggests that *Alberni* should not apply to his case, mentioning "*ex post facto*" without
26   discussion or explanation.  If it were applicable to the facts here, the *ex post facto* argument would fail
     because *Estelle* was decided in 1991, before his conviction was final.

1    considered the merits of his claims and the reiterations of claims or arguments offering additional

2    arguments is not persuasive.  Moreover, the motion for appointment of counsel shall be denied as the

3    matter is fully briefed and decided herein.

4    **IV.  Conclusion**

5           Petitioner is not entitled to relief on the surviving claims of his petition.  He has failed

6    to demonstrate that the state supreme court's review of his claims was in error under 28 U.S.C.

7    §2254.

8    **V.  Certificate of Appealability**

9           In order to proceed with his appeal, petitioner must receive a certificate of

10   appealability.  28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22; 9th Cir. R. 22-1;  *Allen v. Ornoski,* 435

11   F.3d 946, 950-951 (9th Cir. 2006); s*ee also United States v. Mikels*, 236 F.3d 550, 551-52 (9th Cir.

12   2001).  Generally, a petitioner must make "a substantial showing of the denial of a constitutional

13   right" to warrant a certificate of appealability. *Id.;* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529

14   U.S. 473, 483-84 (2000).  "The petitioner must demonstrate that reasonable jurists would find the

15   district court's assessment of the constitutional claims debatable or wrong." *Id.* (*quoting Slack*, 529

16   U.S. at 484).  In order to meet this threshold inquiry, the petitioner has the burden of demonstrating

17   that the issues are debatable among jurists of reason; that a court could resolve the issues differently;

18   or that the questions are adequate to deserve encouragement to proceed further.  *Id.*

19          Pursuant to the December 1, 2009 amendment to Rule 11 of the Rules Governing

20   Section 2254 and 2255 Cases, district courts are required to rule on the certificate of appealability in

21   the order disposing of a proceeding adversely to the petitioner or movant, rather than waiting for a

22   notice of appeal and request for certificate of appealability to be filed.  Rule 11(a).  This Court has

23   considered the issues raised by petitioner, with respect to whether they satisfy the standard for

24   issuance of a certificate of appealability, and determines that none meet that standard.  The Court

25   will therefore deny petitioner a certificate of appealability.

26          **IT IS THEREFORE ORDERED** that the second amended petition for writ of

1    habeas corpus pursuant to 28 U.S.C. § 2254 (docket #61) is **DENIED**.

2            **IT IS FURTHER ORDERED** that the motion for appointment of counsel (docket

3    #109) and the Motion for Summary Judgment (docket #113) are **DENIED**.

4            **IT IS FURTHER ORDERED** that petitioner is denied a certificate of appealability.

5            The clerk shall enter judgment accordingly.

6

7            DATED this ____6th____ day of July, 2010

8

9                                    _____

10                                   CHIEF UNITED STATES DISTRICT JUDGE

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

                                        15